United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-60926
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CURTIS J. HARDY,
also known as Curtis Jerome Hardy,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:03-CR-68-ALL-WN
--------------------

Before BARKSDALE, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Curtis J. Hardy appeals his conviction and sentence for

armed bank robbery, in violation of 18 U.S.C. § 2113, and for

brandishing a firearm during a crime of violence, in violation

of 18 U.S.C. § 924(c)(1). He contends that his conviction and

sentence should be reversed because trial counsel was ineffective

in failing to argue that he was right-handed, whereas the

evidence indicated that the robber was left-handed, which failure

he asserts deprived him of his only defense. Because the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

instant case is not one of the rare cases in which the record is sufficiently developed to allow this court to evaluate the merits of the claim, we decline to address it. See United States v. Maria-Martinez, 143 F.3d 914, 916 (5th Cir. 1998); United States v. Higdon, 832 F.2d 312, 314 (5th Cir. 1987). Hardy may bring his ineffective-assistance-of-counsel claim in a collateral proceeding under 28 U.S.C. § 2255. See Massaro v. United States, 538 U.S. 500, 504 (2003).

Hardy next contends that the district court erred in denying his motion to suppress the evidence found in his girlfriend's apartment at the time of his arrest. His appellate brief on the issue is directed solely to the district court's conclusion that his girlfriend, Cherries Young Odie, voluntarily consented to the search, urging that the search was invalid because it resulted from an illegal de facto arrest and because Odie was not advised that she could decline to give her consent.

Even if it were assumed that the district court erred in concluding that Odie voluntarily consented to the search, Hardy has abandoned, by failing to raise in his appellate brief, any argument challenging the district court's alternative ruling that exigent circumstances justified the search. See United States v. Reyes, 300 F.3d 555, 558 n.2 (5th Cir. 2002); Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993); see also United States v. Prince, 868 F.2d 1379, 1386 (5th Cir. 1989) (a new argument may not be raised for the first time in a reply brief).

The district court's judgment is AFFIRMED.