# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 16, 2013

Lyle W. Cayce
Clerk

No. 12-50958
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTHONY SCOTT POPE, also known as Alabama,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:11-CR-365-1

Before KING, DeMOSS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Anthony Scott Pope was convicted following a three-day jury trial of conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine (actual) and 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine. The district court sentenced Pope to life in prison and a 10-year term of supervised release.

A hearing was held on Pope's motion to suppress evidence that was seized following the stop of a vehicle in which he was a passenger. Pope argues that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the district court erred in finding that a tip from an informant provided reasonable suspicion to stop the vehicle on the belief that its occupants had conducted a drug transaction within the previous few hours. Pope does not challenge the district court's alternative finding that the informant's controlled buy of methamphetamine from Pope gave officers probable cause to stop the vehicle to arrest Pope for distribution of methamphetamine. Pope has thus effectively abandoned any challenge to the district court's determination that the initial stop was constitutionally valid. *See United States v. Scroggins*, 599 F.3d 433, 447 (5th Cir. 2010); *see also United States v. Hardy*, 101 F. App'x 959, 960 (5th Cir. 2004) (unpublished).

Pope next challenges the denial of his motion for a continuance. We review that denial for an abuse of discretion, looking at the totality of the circumstances. *See United States v. Stalnaker*, 571 F.3d 428, 439 (5th Cir. 2009). On the morning of trial, Pope learned that the chemist who initially tested a drug sample for the Government in his case had been under investigation for drug use. The Government learned of the problem with the chemist the week before and had the evidence retested by a new chemist who testified at trial. Pope sought a continuance and now contends that he was deprived of an opportunity to find out more about the investigation of the first chemist and that, as a result, he was unable to effectively cross-examine the new chemist or properly challenge the evidence that was tested. Pope's assertions of prejudice stemming from the district court's denial of his request for a continuance are merely speculative and, in light of the totality of the circumstances–including counsel's cross-examination of the new chemist regarding the minor differences in the findings–do not demonstrate any abuse of discretion. *See id.* at 439; *United States v. German*, 486 F.3d 849, 854 (5th Cir. 2007).

Pope challenges the sufficiency of the evidence adduced at trial to support the jury's finding that the conspiracy involved the amount of methamphetamine charged in the indictment. Pope preserved this issue by making a timely motion

for a judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure. *See United States v. Rose*, 587 F.3d 695, 702 (5th Cir. 2009). We consider the evidence in the light most favorable to the prosecution, drawing all inferences and making all credibility choices in support of the verdict. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Moore*, 708 F.3d 639, 645 (5th Cir. 2013). If that evidence could lead "*any* rational trier of fact . . . [to] have found the essential elements of the crime beyond a reasonable doubt," then the evidence is sufficient to support the conviction. *Jackson*, 443 U.S. at 319. Considering the testimony regarding only transactions in which Pope obtained methamphetamine from his suppliers, a jury reasonably could have concluded that those transactions involved almost 1,100 grams of a mixture containing a detectable amount of the drug. Additionally, given the evidence regarding the purity of samples that were tested and the total amount attributable to Pope, a rational juror could have found beyond a reasonable doubt that Pope's offense involved 50 grams of actual methamphetamine.

Finally, Pope argues that the district court erred by holding him accountable for 1.06 kilograms of actual methamphetamine and assessing an offense level of 36 when calculating his guidelines sentencing range. We need not decide whether the district court erred, because Pope was subject to a statutorily mandated life sentence due to his prior felony drug convictions, and that sentence became the guidelines range. *See* 21 U.S.C. § 841(b)(1)(A)(viii); U.S.S.G. § 5G1.1(b). Any error there may have been in determining drug quantity and base offense level did not affect the selection of his sentence and was harmless. *See Williams v. United States*, 503 U.S. 193, 202-03 (1992); *see also United States v. Cervantes*, 706 F.3d 603, 620 n.8 (5th Cir. 2013).

AFFIRMED.